UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

     Plaintiff,

v.                                                                  Case No. 17-20263
                                                                    Honorable Victoria A. Roberts

LSHONDRA MCKINNEY,

     Defendant.

_____/

## ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE [ECF No. 96]

Upon motion of ☒ the Defendant ☐ the Director of the Bureau of Prisons

for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering

the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy

statements issued by the Sentencing Commission, IT IS ORDERED that the

motion is: ***See* pages 4-6.**

☐ **GRANTED**

     ☐ The defendant's previously imposed sentence of imprisonment of

_____ is reduced to_____. If this

sentence is less than the amount of time the defendant already served, the

sentence is reduced to a time served; or

     ☐ Time served.

If the defendant's sentence is reduced to time served:

☐   This order is stayed for up to fourteen days, for the verification of the defendant's residence and/or establishment of a release plan, to make appropriate travel arrangements, and to ensure the defendant's safe release. The defendant shall be released as soon as a residence is verified, a release plan is established, appropriate travel arrangements are made, and it is safe for the defendant to travel. There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, the parties shall immediately notify the court and show cause why the stay should be extended; or

☐   There being a verified residence and an appropriate release plan in place, this order is stayed for up to fourteen days to make appropriate travel arrangements and to ensure the defendant's safe release. The defendant shall be released as soon as appropriate travel arrangements are made and it is safe for the defendant to travel. There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel

arrangements and ensure the defendant's safe release, then the parties
shall immediately notify the court and show cause why the stay
should be extended.

☐ The defendant must provide the complete address where the defendant
will reside upon release to the probation office in the district where they will be
released because it was not included in the motion for sentence reduction.

☐ Under 18 U.S.C. § 3582(c)(1)(A), the defendant is ordered to serve a
"special term" of ☐ probation or ☐ supervised release of _____ months (not
to exceed the unserved portion of the original term of imprisonment).

☐ The defendant's previously imposed conditions of
supervised release apply to the "special term" of supervision; or

☐ The conditions of the "special term" of supervision are as
follows:

_____

_____

_____

_____

☐ The defendant's previously imposed conditions of supervised release are
unchanged.

☐   The defendant's previously imposed conditions of supervised release are

modified as follows:

_____

_____

_____

_____

_____

☐   **DEFERRED** pending supplemental briefing and/or a hearing. The court

DIRECTS the United States Attorney to file a response on or

before_____, along with all Bureau of Prisons records

(medical, institutional, administrative) relevant to this motion.

☒   **DENIED** after complete review of the motion on the merits.

☒   **FACTORS CONSIDERED** (Optional)

The compassionate release statute only allows the Court to modify a

defendant's term of imprisonment if, among other things, "extraordinary and

compelling reasons warrant such a reduction [or release]." *See* 18 U.S.C. §

3582(c)(1)(A)(i).

Lshondra McKinney says she has underlying medical conditions which

constitute extraordinary and compelling reasons for her release because they place

her at an increased risk of severe illness and death from a COVID-19 infection.
Particularly, McKinney says she is obese and has asthma.

While the Centers for Disease Control and Prevention indicates that obesity
– i.e., a BMI of 30 or greater – and asthma are conditions which place a person at a
higher risk of severe illness from COVID-19, McKinney fails to demonstrate an
extraordinary and compelling reason for her release.  McKinney does not provide
any evidence showing that she is "obese" or has asthma, and the government
produces her medical records, which demonstrate that she has neither condition.

In her reply, McKinney points to two encounters where she complained of
chest aches and shortness of breath and says that she "attributed these encounters
to asthma, for lack of another diagnosis."  However, the medical records
McKinney cites to for those encounters also note that her lungs were clear upon
examination, her respirations were even and unlabored, and that McKinney said a
previous medical provider attributed her chest pain to anxiety.  Notably, there is no
diagnosis – let alone, mention of – asthma.

With respect to her alleged obesity, McKinney said in her motion – filed
February 3, 2021 – that she is "awaiting medical confirmation of her most recent
BMI of 30.4."  The government pointed out that McKinney failed to provide any
evidence of obesity.  In her reply brief, McKinney cited a medical record showing
that her BMI was 28.9 as of August 24, 2020.  McKinney failed to mention

anything about the 30.4 BMI result she was "awaiting medical confirmation of."
Rather, she says the 28.9 BMI is outdated and that she wants the Court to order the
Department of Justice to conduct an up-to-date assessment of her weight and BMI.
This shows that McKinney's statement that she had a BMI of 30.4 – which she
supposedly was awaiting confirmation of – was a misrepresentation; otherwise, she
would not say she needed an up-to-date assessment conducted.

McKinney fails to show she has a medical condition that places her at an
increased risk of severe illness or death if she contracts COVID-19.  Thus, she fails
to demonstrate an extraordinary and compelling reason for her release.  *See United
States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of
COVID-19 in society and the possibility that it may spread to a particular prison
alone cannot independently justify compassionate release.").

Because McKinney fails to demonstrate an extraordinary and compelling
reason for her release, the Court **DENIES** her motion.

☐  **DENIED WITHOUT PREJUDICE** because the defendant has not exhausted
all administrative remedies as required in 18 U.S.C. § 3582(c)(1)(A), nor have 30
days lapsed since receipt of the defendant's request by the warden of the
defendant's facility.

**IT IS ORDERED**.

s/ Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated:  March 16, 2021